IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RamSoft USA, Inc., | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Civil Action No. 1:24-cv-04821-TRJ |
| | : | |
| The Radiology Group LLC | : | |
| & Anand Lalaji, | : | |
| *Defendants*. | : | |

**Joint Preliminary Report and Discovery Plan[1]**

**1.   Description of the Case**

*(a)   Describe briefly the nature of this action.*

The complaint filed by RamSoft USA, Inc. ("RamSoft"), against The Radiology Group LLC ("TRG") and Anand Lalaji ("Lalaji") on October 22, 2024, arises out of the provision of certain radiology software-as-a-service and the financial obligations associated with the same. Due to the alleged non-payment and associated events, RamSoft has asserted claims against TRG and Lalaji for breach of contract (TRG), negligent misrepresentation (both), fraud (both), quantum meruit (both), breach of the implied covenant of good faith and fair dealing (TRG), unjust enrichment (both), conspiracy (both), and for legal fees (both) as well as for declaratory judgment as to RamSoft's continuing obligations (TRG). TRG and Lalaji deny liability and deny RamSoft is entitled to the recovery it seeks.

---

[1] All summaries offered herein are made without prejudice to the allegations and responses set forth in the pleadings.

*(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

Plaintiff's Summary of the Facts:

 RamSoft sued the Defendants because they failed to pay for the software they have used for years and that they continue to use to this day. The Defendants have opposed any attempt to restrict their access to the software and have tried to excuse their non-payment, citing market conditions and a need for additional capital.

 With respect to the additional capital component, the Defendants told RamSoft that they would be able to secure the financing necessary to cover their arrears, *provided that* RamSoft continued supplying the software. Shortly after making this representation, the Defendants entered into a $3.1 million dollar stipulation with the Department of Justice that was materially detrimental to TRG's financial prospects and, on information and belief, all but foreclosed any ability to secure the financing it had promised to Ramsoft. *U.S. v. The Radiology Group*, 19-cv-3542 (S.D.N.Y.) (March 27, 2024) (S.D.N.Y. DN 16).

 The declaratory judgment arises out of the Defendants' preferred method of retaining access to RamSoft's platform without payment or financing. When RamSoft threatens suspension, the Defendants claim that they will continue reading radiographs, even if RamSoft denies access to its platform. The Defendants also claim that they will blame any malpractice RamSoft's decision to terminate services.

 While RamSoft is unconcerned about the ultimate liability, it is deeply concerned about being frivolously drawn into malpractice litigation for both cost and reputational reasons. Their concern is justified by the Defendants' practices that invite malpractice, and a corresponding claim. In fact, within the past year, the Defendants admitted that they often spent less than 30 seconds *per report* and routinely failed to flag critical findings. (*Id.*) In addition, on July 18, 2024, Dr. Lalaji's Kentucky medical license was revoked due to serial errors, including his failure to diagnose a brain tumor. Kentucky Board of Medical Licensure, Case No. 2131 (July 22, 2024). Accordingly, RamSoft has sought a declaratory judgment as

to its ongoing obligations so that it can terminate services, and to prevent the Defendants from encouraging frivolous suits against it.

Finally, relevant to the need for attorney involvement in ESI collection, the disagreement centers on self-collection. The Plaintiff requests an order precluding the same because both Defendants have admitted making repeated false statements. For example, in the DoJ settlement, the Defendants admitted knowingly submitting millions of dollars in improper claims, for example, by having co-defendant Lalaji sign off on reports that he did not review. *Radiology Group*, 19-cv-3542, at 2(k)-(l).

In sum, RamSoft seeks declaratory relief and damages as set forth in the complaint for the Defendants' tortious conduct, for breach of contract, and on an equitable basis for services rendered.

Defendants' Summary of the Facts:

This case arises out of a dispute between RamSoft, a medical software provider, and its customer TRG, in which the plaintiff has also named individually TRG's CEO, Lalaji. RamSoft sells a product called Powerserver to customers in the medical industry and has sold it to TRG. After the relationship between RamSoft and TRG began, TRG experienced a reduction in its business volume due to the Covid-19 pandemic, encountered financial difficulties, and discussed those facts with RamSoft in the context of RamSoft's requests for payment. The parties exchanged multiple communications regarding these issues.

While TRG has paid significant sums of money to RamSoft over the period of their business relationship, RamSoft contends in this lawsuit that TRG has not paid RamSoft all the money that it is due. TRG contends, however, that the amounts that RamSoft claims are not supported by any enforceable contract or recoverable under any other extra-contractual or other theory. Further, TRG alleges that RamSoft's product had significant performance deficiencies, that it attempted to address its concerns with RamSoft, but that they were not resolved to TRG's satisfaction. TRG also discussed its ongoing disputes with the US Department of Justice with RamSoft leadership, of which they were well aware at all relevant times

and in response to which, RamSoft leadership expressed their willingness to work with TRG through its resolution of that matter, which was eventually settled as a compromise in order to avoid the cost and uncertainty of further litigation.

Finally, Defendants dispute the relevance and accuracy of many of the assertions made in Plaintiff's Summary of the Facts, believe that Plaintiff's Summary is not "non-argumentative" as contemplated by the Court's form Report, and believe those assertions are included solely in an attempt to attack Defendants' credibility and otherwise cast them in a negative light. Nevertheless, in an effort to complete this Report, Defendants are not contesting inclusion of those assertions in this Report.

*(c) The legal issues to be tried are as follows:*

All matters associated with the claims and defenses set forth in the action, including *inter alia*:

Contractual:
- The existence of a contract between RamSoft and TRG.
- To the extent a contract existed, RamSoft's failure to perform and/or to satisfy conditions precedent to the contract.
- The existence of any breach of any contract proven.
- Whether TRG prevented RamSoft from receiving the benefits of any contract.
- The terms and performance of any contract.
- Damages, if any.

Negligence:
- The Defendants' duties with respect to the provision of accurate information.
- The information provided by the Defendants, or lack thereof.
- The Defendants' exercise of care in the obtaining and communication of information.
- Ramsoft's reliance.
- Damages, if any.

Fraud:
- The Defendants' representations and the falsity thereof.
- Defendants' knowledge of the falsity of representations or reckless disregard for the truth thereof.
- The Defendants' intent to induce RamSoft to act or fail to act based on these representations.
- The effect of any such representations on RamSoft.
- Whether RamSoft reasonably relied on any false representations proven to have been made.
- Damages, if any.
- Whether the alleged fraud was gross, oppressive, and aggravated and/or involved a breach of trust or confidence.
- The conduct of the parties via a vis one another regarding negotiations and payment.
- Whether Lalaji is a party to the alleged contract Plaintiff seeks to enforce through fraudulent inducement.[2]

Declaratory Judgment:
- The flow of funds between TRG and RamSoft.
- RamSoft's rights to terminate the services it is providing.
- RamSoft's entitlement to a declaratory judgment under the governing law.

Conspiracy:
- The relationship between the Defendants.
- Any unlawful acts performed.
- Damages, if any.

Quantum Meruit:
- Whether RamSoft can establish that it provided services to each Defendant and that each Defendant accepted the same.
- Whether RamSoft can show that it had the requisite expectation of compensation at the time it provided the services.

---

[2] The Plaintiff does not agree that this is a necessary element or in any way relevant.

- Whether any services that RamSoft provided conferred a benefit on each Defendant.
- Whether any services were provided to Lalaji personally. [3]
- Whether a failure to compensate RamSoft would be unjust.
- If liability is proven, the just and reasonable compensation for the services.

Legal Fees:
- Whether the Defendants have acted in bad faith, been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense.
- The amount of reasonable attorney's fees recoverable, if any.

Unjust Enrichment:
- Any enrichment of either Defendant.
- Whether any services were provided to Lalaji personally. [4]
- Any impoverishment of RamSoft.
- The relationship between the same.
- Justification.
- The amount of enrichment.

Other:
- Whether all or some RamSoft's claims should be dismissed in whole or in part for failure to state a claim upon which relief may be granted.
- Whether RamSoft failed to mitigate its alleged damages.
- Whether the damages RamSoft seeks are duplicative and would lead to a double recovery.
- Whether RamSoft's claims are barred in whole or in party by RamSoft's bad faith or the doctrine of unclean hands.
- Whether RamSoft can pierce the corporate veil.
- Whether any damages RamSoft can prove should be offset by damage alleged RamSoft caused to TRG.

---

[3] The Plaintiff does not agree that this is a necessary element or in any way relevant.

[4] The Plaintiff does not agree that this is a necessary element or in any way relevant.

- What law governs RamSoft's claims.

(d) The cases listed below (include both style and action number) are:

(i) Pending Related Cases: None.

(ii) Previously Adjudicated Related Cases:
Plaintiff: *U.S. v. The Radiology Group*, 19-03542 (SDNY).
Defendants: None.

**2.     This case is complex because it possesses one or more of the features listed below (please check):** Not Applicable.

**3.     Counsel:** The following individually-named attorneys are hereby designated as lead counsel for the parties:
- Mark Billion of Billion Law (Plaintiff)
- Lisa D. Taylor of Stembridge Taylor LLC (Defendant)

**4.     Jurisdiction:** There is no question regarding this Court's jurisdiction. Both parties agree that said jurisdiction is proper.

**5.     Parties to This Action:**

(a) *The following persons are necessary parties who have not been joined:* None.

(b) *The following persons are improperly joined as parties:* None.

(c) *The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:* None.

(d) *The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

   *(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:*
   - Plaintiff: Amendment to add Joe Stephens and a Rule 15(e) amendment prior to trial to account for additional damages.
   - Defendant: Amendment to assert counterclaims.

*(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below:
- All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).
- *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
- *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
- *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
- *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:** The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B)

- Plaintiff timely served its initial disclosures on February 14, 2025.
- Defendant served its initial disclosures on February 17, 2025.
- Neither party objects to the Court's pattern initial disclosures.

**9.     Request for Scheduling Conference:** Plaintiff requests a scheduling conference to discuss expedited consideration of the declaratory judgment action, so that all ongoing obligations between the parties can be resolved without the unnecessary incursion of added expenses.

**10.    Discovery Period:** The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

*Please state below the subjects on which discovery may be needed:* All issues set forth in § 1(c) and all facts alleged in the Complaint.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

```
24-cv-04821-TRJ
Joint Preliminary Report
2-19-25                                                                          9
```

Plaintiff: The plaintiff does not anticipate that additional time beyond the four-month track will be needed.

Defendant: The Defendants anticipate that additional time beyond the four-month track may be needed but will pursue discovery diligently and seek an extension from the Court only as needed.

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

*(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?* None.

*(b) Is any party seeking discovery of electronically stored information?* Yes.

*(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:*

Plaintiff: Counsel shall not rely on custodian self-collection of ESI. *See Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-3129-CAP, 2022 WL 17828934, at *93 (N.D. Ga. Dec. 15, 2022). Counsel shall take an active role in "the (1) identification, (2) preservation, (3) collection, (4) review, and (5) production of documents." *Id*. Counsel shall discuss sources and search terms at the time that specific discovery requests are propounded.

Defendants: Counsel remains open to discussing sources and search terms at any time but, short of that, will discuss sources and search terms at the time that specific discovery requests are propounded. Defendant agrees that counsel should be involved in the ESI discovery process, which should be conducted in compliance with all applicable rules of this Court. Defendant does not believe that involving third parties in ESI discovery is warranted from the outset but remains open to

discussing such involvement as may be appropriate or warranted under the circumstances in the future.

*(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:* The parties anticipate that discovery of electronically stored information ("ESI") may be necessary during this litigation. Unless otherwise agreed upon, and other than excel documents, the parties will disclose/produce ESI in OCR searchable form (e.g., .pdf or .TIF). Documents produced in discovery shall be Bates stamped. The Bates number must not obliterate, conceal, or interfere with any information on the produced document. Consistent with the Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties presumptively need not produce the same ESI in more than one form; however, after the initial production of ESI in OCR searchable form, the parties may request disclosure of metadata or native files for particular documents where good cause exists, *e.g.*, when the original creation date of a document is at issue and disputed, when a static image is not reasonably usable (*e.g.*, when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file), or where emails contain attachments. The parties will then confer in good faith regarding the availability of the requested metadata and any expenses associated with the production of such information.

## 12. Other Orders:

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

- The parties will work to submit an agreed-upon consent protective order to address any sensitive and confidential discovery materials.
- The parties request an order allowing for an extended discovery period following the close of fact discovery and before any dispositive motion deadline for the purpose of conducting expert discovery. The parties propose the following, subject to review, revision, rejection, or approval by the Court: The parties hereby agree that each party shall identity all experts it intends to

use in its case-in-chief and provide the reports required by the Federal Rules of Civil Procedure no later than 28 days after fact discovery closes; all rebuttal reports due 84 days after fact discovery closes. During the period between the initial provision of expert reports and the due date of the rebuttal reports, the parties may take discovery reasonably related to the matters set forth in the report(s). The parties may take additional discovery related to the rebuttal reports thereafter, but that time shall not operate to delay the deadline to file motions for summary judgment absent further order of the Court.

13. **Settlement Potential:**

*(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on JANUARY 16, 2025, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*
- For plaintiff: Lead counsel (signature): /s/ Mark M. Billion
- For defendant: Lead counsel (signature): /s/ Lisa D. Taylor

*(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now a possibility of settlement after discovery.*

*(c) Counsel intend to hold additional settlement conferences among themselves prior to the close of discovery. The parties have not yet proposed a specific date for the next settlement conference.*

*(d) The following specific problems have created a hindrance to settlement of this case: the parties view the facts differently at this time.*

14. **Trial by Magistrate Judge:** The parties do not consent to having this case tried before a magistrate judge of this Court.

| | |
|---|---|
| **BILLION LAW** | **STEMBRIDGE TAYLOR LLC** |
| */s/ Mark Billion* | */s/ Lisa D. Taylor* |
| Mark Billion | Lisa D. Taylor |
| GA Bar No. 768637 | Georgia Bar No. 235529 |
| 110 Traders Cross | lisa@stembridgetaylor.com |
| Bluffton, SC 29909 | 3651 Mars Hill Road, Suite 2900-B |
| 302.428.9400 | Watkinsville, Georgia 30677 |
| markbillion@billionlaw.com | Telephone: 678-269-0402 |
| | |
| *Counsel for Plaintiff* | John T. Stembridge |
| | Georgia Bar No. 678605 |
| | john@stembridgetaylor.com |
| | 4840 Roswell Road, Suite E300 |
| | Atlanta, Georgia 30342 |
| | Telephone: 678-362-6567 |
| | |
| | *Attorneys for Defendants* |

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____
_____

IT IS SO ORDERED, this _____ day of _____, 2025     .

_____
UNITED STATES DISTRICT JUDGE