IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RamSoft USA, Inc.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>The Radiology Group LLC,<br>Anand Lalaji, Joe Stephens,<br><br>　　　　Defendants. | CIVIL NO. 1:24-cv-04821-TRJ |

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT JOE STEPHENS**

Plaintiff RamSoft USA, Inc. ("RamSoft"), through its undersigned counsel, respectfully moves this Court for a 90-day extension of time to complete service of the First Amended Complaint on Defendant Joe Stephens ("Stephens"). This motion is filed pursuant to Rules 4(m) and 6(b)(1)(A) of the Federal Rules of Civil Procedure. Counsel for the existing Defendants has been consulted and does not oppose the relief requested. In support of this motion, RamSoft states as follows:

### I.　INTRODUCTION

1.　This motion presents a straightforward request for a 90-day extension of the time to serve Defendant Joe Stephens. The request is unopposed. Plaintiff has acted diligently to effectuate service, but Mr. Stephens has proven difficult to locate.

Granting this brief, unopposed extension will promote judicial economy by allowing the case to proceed on the merits against all parties in a single action, preventing the inefficiency of a dismissal and subsequent refiling. Given that discovery is largely stayed pending the resolution of a dispositive motion, no party will be prejudiced by the extension.

## II.   FACTUAL BACKGROUND

2. Plaintiff filed its *First Amended Complaint* adding Mr. Stephens as a defendant on March 28, 2025. (D.I. 37). In the interest of efficiency, counsel for Plaintiff immediately conferred with counsel for the existing Defendants on April 1, 2025, to inquire whether they would accept service on Mr. Stephens's behalf. When these discussions did not result in an agreement to waive service, Plaintiff promptly sought and obtained a summons for Mr. Stephens on April 10, 2025. (D.I. 39).

3. Plaintiff then retained a professional process server to effectuate service. On May 16, 2025, the server attempted service at Mr. Stephens's last known business address but was informed the address was no longer valid.

4. Because Mr. Stephens has a limited online footprint, Plaintiff retained a licensed private investigator on June 3, 2025, to verify the address and complete service. Despite these continuous and escalating efforts, service has not yet been completed. Following the investigator's engagement, multiple address inquiries were conducted, but no viable location for service has been identified.

### III.   ARGUMENT

5.   Rule 4(m) of the Federal Rules of Civil Procedure provides that if a plaintiff fails to serve a defendant within 90 days, the court "must dismiss the action without prejudice . . . or order that service be made within a specified time." The rule grants district courts broad discretion to extend the service period, even in the absence of a showing of "good cause." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).

6.   An extension is warranted here for **three** primary reasons.

7.   First, this motion is **unopposed**. The fact that the existing Defendants do not object to this extension underscores the lack of prejudice and signals that the request is reasonable and made in good faith.

8.   Second, granting the extension serves the interests of **judicial economy**. Plaintiff has demonstrated a diligent, good-faith effort to serve Mr. Stephens through a logical progression of steps: seeking a waiver, retaining a process server, and, upon failure, escalating the effort by retaining a private investigator. The alternative to an extension—dismissal without prejudice—would force Plaintiff to refile its claims, as the statute of limitations has not expired. This would needlessly consume the resources of the parties and the Court with a duplicative action, which can be avoided with a modest extension.

9. Third, there is a complete **absence of prejudice** to any party. Mr. Stephens, through his affiliation with the other Defendants, has actual notice of the lawsuit. Furthermore, because discovery in this matter is largely stayed pending the Court's resolution of a motion for judgment on the pleadings, a brief delay in perfecting service will not impact the case's overall schedule or prejudice any party's ability to defend itself.

## IV.   PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff RamSoft USA, Inc. respectfully requests that the Court grant this unopposed motion and enter an Order extending the time for service upon Defendant Joe Stephens by 90 days, through and including September 23, 2025.

Dated: June 24, 2025.

*/s/ Mark Billion*
Mark Billion (GA Bar No. 768687)
BILLION LAW
110 Traders Cross
Bluffton, SC 29909
Tel: 843.949.9069
markbillion@billionlaw.com

*Counsel for Plaintiff*