IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RamSoft USA, Inc., <br><br> Plaintiff, <br><br> v. <br><br> The Radiology Group LLC, <br> Anand Lalaji, Joe Stephens, <br><br> Defendants. | CIVIL NO. 1:24-cv-04821-TRJ |

**OPENING BRIEF IN SUPPORT OF RAMSOFT'S MOTION FOR SERVICE BY PUBLICATION AS TO DEFENDANT JOE STEPHENS**

Plaintiff RamSoft USA, Inc. ("RamSoft") respectfully submits this brief in support of its *Motion for Service by Publication as to Defendant Joe Stephens* (the "Motion"). This Motion seeks, as a last resort, an order permitting an alternative method of service after a prolonged and exhaustive campaign to locate and personally serve Mr. Stephens has proven fruitless. Despite deploying professional process servers to five separate residential and business addresses, retaining a licensed private investigator for a comprehensive skip-trace investigation, and pursuing every lead developed from public records and corporate filings, Mr. Stephens's whereabouts remain unknown.

# I. STATEMENT OF RELEVANT FACTS

## A. Background of the Litigation and Defendant Stephens' Role

RamSoft initiated this action to recover damages arising from breach of contract, negligent misrepresentation, fraudulent inducement, and conspiracy related to the Defendants' alleged fraudulent financial representations and failure to pay for RamSoft's software services. Defendant Joe Stephens ("Stephens"), identified as a resident of Georgia residing at 3207 Fonseca Pass, Atlanta, GA 30349, is a named defendant in the *First Amended Complaint* [D.I. 36] (the "FAC") and is implicated in Counts II (Negligent Misrepresentation), III (Fraudulent Inducement), and V (Conspiracy).

He was directly involved in providing RamSoft with allegedly false financial documents and misleading statements to induce RamSoft into a "Modification" agreement. Stephens' alleged actions, including sending a Profit & Loss (P&L) statement showing an annual loss while representing financial results were "improving," and distributing a balance sheet omitting millions in liabilities from a Department of Justice (DOJ) settlement (FAC ¶¶ 28, 31, 71, 88), are central to RamSoft's claims.

## B. Diligent Efforts to Effectuate Service on Defendant Joe Stephens

RamSoft has undertaken a comprehensive and escalating series of attempts to effectuate personal service on Defendant Joe Stephens, demonstrating persistent diligence.

### *i. Initial Procedural History and Attempts at Service*

RamSoft filed the FAC adding Mr. Stephens as a defendant on March 28, 2025. In the interest of efficiency, counsel for RamSoft immediately conferred with counsel for the existing Defendants to inquire whether they would accept service on Mr. Stephens's behalf. When these discussions did not result in an agreement to waive service, RamSoft promptly sought and obtained a summons for Mr. Stephens on April 10, 2025. D.I. 39.

RamSoft retained a professional process server, Rochelle Earthrise of Southeastern Process Servers, to effectuate service. On May 16, 2025, the process server attempted service at Stephens' last known business address, 3344 Peachtree Road Northeast, Suite 2080, Atlanta, GA 30326 (the address associated with The Radiology Group LLC). The building's security guard confirmed that no tenant occupied Suite 2080 and no forwarding address for Stephens was available. **Exhibit 1**.

In parallel with the above efforts, and in light of the difficulty locating Stephens, RamSoft retained a licensed private investigator, Ted Moss of Investigations America, Inc., on June 3, 2025, to locate Stephens. **Exhibit 2** ¶2-3. The investigator's exhaustive search included:

- **Online Research:** Examination of Stephens' professional and social media footprint revealed profiles identifying him as CFO of Pursuant Health (a.k.a. Solo Health) and Acuity Accounting. **Exhibit 2** ¶4.

- ***Corporate Records:*** Review of Georgia Secretary of State filings from 2014 and 2019 showing Larry Joe Stephens as CFO of Pursuant Health/Solo Health, with business addresses at 11555 Medlock Bridge Road, Suite 190, Duluth, GA 30097, and 780 Johnson Ferry Road, Suite 625, Atlanta, GA 30342. *Id.* at ¶5.

- ***Law Enforcement Contact:*** The investigator contacted U.S. Attorney Nicholas Biase regarding the DOJ's False Claims Act settlement with TRG but was informed that Biase did not recognize Stephens and could not provide information on his whereabouts. *Id.* at ¶6.

- ***Database and Public Records:*** The private investigator conducted comprehensive searches of public and proprietary databases, collecting possible telephone numbers, email addresses, employment history, educational background, and social media profiles associated with Stephens. *Id.* at ¶7.

### *ii. Court's Recognition of Difficulty and Grant of Limited Extension*

On June 24, 2025, RamSoft filed an unopposed motion requesting a 90-day extension of the deadline to serve Stephens. (D.I. 58). On June 30, 2025, the Court granted the motion in part, allowing a 30-day extension, setting a new service deadline of July 26, 2025, and stating that it would consider a motion for service by publication if RamSoft demonstrated due diligence in attempting personal service. D.I. 60.

### *iii. Subsequent Service Attempts*

On June 25 and June 26, 2025, Rochelle Earthrise from Southeastern Process Servers attempted service at Stephens' last known residence, 3207 Fonseca Pass, Atlanta, GA 30349. On both dates, no one answered the door. The process server observed that the blinds were closed, the storm door was

locked, and no vehicle was present. A U.S. Postal Service "vacant" notice on the mailbox indicated that the residence was abandoned. **Exhibit 3**.

RamSoft retained a second process server, Atlanta Legal Services, to attempt personal service at additional addresses identified during the investigation.

On July 17, 2025, Marc Allard, from Atlanta Legal services, proceeded to 11555 Medlock Bridge Road, Suite 190, Duluth, GA 30097, another address identified in corporate filings as potentially associated with Stephens. Upon arrival, the business occupying the premises was identified as Panya Medical Center Business Office. Mr. Allard spoke with a Human Resources officer named Erin, who stated that she had "never heard of Joe Stephens" and confirmed that he is not affiliated with the business at that location. **Exhibit 4.**

Later that same day, Lorenzo Kenerson from Atlanta Legal Services attempted service at Acuity Accounting, located at 3423 Piedmont Rd NE, Atlanta, GA 30305, an address identified as associated with Joe Stephens. Upon arrival, Mr. Kenerson spoke with building security, who informed him that Acuity is a 24-hour facility where members come and go. Mr. Stephens does not maintain a dedicated workspace at that location and is not listed on any internal documents. Security personnel further indicated that while some members of Acuity maintain permanent offices and others work remotely, Mr.

Stephens does not have a regular presence on the premises. Although it was suggested he may occasionally work there, his attendance could not be confirmed. **Exhibit 5.**

On July 23, 2025, process server Lorenzo Kenerson also attempted service at 780 Johnson Ferry Road, Suite 625, Atlanta, GA 30342, another address identified in historical Georgia Secretary of State filings as associated with Pursuant Health, Inc., where "Larry Joe Stephens" was listed as Chief Financial Officer. Upon arrival, Mr. Kenerson confirmed that the current occupant of Suite 625 is Colony Bank. He inquired whether Mr. Stephens was affiliated with or known to any personnel at that office and was informed that Mr. Stephens is not known at that location and has no present connection to Colony Bank. **Exhibit 5.**

As of the day of this filing, despite Plaintiff's multiple diligent efforts—including process server attempts at various residential and business addresses, retention of a licensed private investigator, and independent database searches—Plaintiff has not been able to ascertain with certainty the whereabouts of Defendant Joe Stephens, rendering personal service impossible.

## II. ARGUMENT AND CITATIONS TO AUTHORITY

Federal Rule of Civil Procedure 4(e)(1) explicitly permits service upon an individual within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Under Georgia law a court may order service by publication when the person to be served "cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons." O.C.G.A. §9-11-4(f)(1)(A). Plaintiff must also show "either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action" *Id*.

It is within the Court's discretion to determine, as "a question of fact," whether the plaintiff has exercised due diligence in attempting to perfect service. *Wesson v. Day*, 2021 WL 9666632, at *2 (N.D. Ga. Nov. 30, 2021) (*quoting Wentworth v. Fireman's Fund Am. Ins. Cos.*, 250 S.E.2d 543, 545 (Ga. Ct. App. 1978)); *In re A.H.*, 795 S.E.2d 188, 189 (Ga. Ct. App. 2016). "[S]ervice by publication should only be allowed when the court is satisfied the party requesting such a method of service has exercised due diligence in pursuing every available channel of information." *Thomas v. Ekes*, 2023 WL 4401469, at *1 (N.D. Ga. Feb. 7, 2023) (internal quotation marks omitted)

Plaintiff has satisfied its burden to obtain authorization for service by publication. RamSoft has established by affidavit and supporting exhibits that Defendant Joe Stephens cannot, after due diligence, be found within the State of Georgia and that Stephens may be actively evading service. As reflected in the record, RamSoft undertook diligent efforts to effectuate personal service, retaining professional process servers who made attempts at five distinct residential and business addresses on different dates, while also questioning employees, receptionists, and other personnel at those locations regarding Stephens' whereabouts or association with the premises. These efforts were supplemented by the engagement of a licensed private investigator who conducted an exhaustive investigation, including searches of public records, corporate filings, social media platforms, and inquiries to federal authorities **Exhibit 2** ¶4, 5, 6, 7. Yet all of these efforts failed to yield a viable location for service.

Therefore, RamSoft has demonstrated that it has exercised the requisite level of diligence in pursuing all available means of ascertaining the whereabouts of Stephens, and that service by publication is appropriate under the circumstances. See *ConAgra Foods Food Ingredients Co. v. Peebles*, No. 2010 WL 2950801, at *2 (M.D. Ga. July 21, 2010) (finding service by publication appropriate where "[s]ervice of process was attempted five separate times over a period of one month at two different addresses");

*Chronister v. Butts Cnty.,* 2016 WL 236235, at *1 (M.D. Ga. Jan. 20, 2016) (finding service by publication appropriate when a process server made multiple attempts to serve the defendant at the same address on different dates); *Progressive Mountain Ins. Co. v. Rangel*, 2017 WL 10087268, at *1 (N.D. Ga. Nov. 14, 2017) (granting motion to serve by publication where it was shown through affidavit that the movant attempted to personally serve the defendants, "performed skip traces, and used private investigators to locate each of them," and spoke with former counsel and neighbors in its efforts to locate the defendants).

In addition, as further shown in the supporting affidavit submitted herewith, RamSoft has demonstrated that valid claims exist against Stephens and that he is a proper party to this action. **Exhibit 6** ¶4.

### III.   CONSULTATION WITH OPPOSING COUNSEL

The undersigned sought opposing counsel's consent to this motion on July 25, 2025, but has not received a response as of the filing of this motion.

[Remainder of Page Intentionally Left Blank]

## IV. CONCLUSION

**WHEREFORE,** for the foregoing reasons, Plaintiff RamSoft USA, Inc. respectfully requests that this Court enter an Order authorizing service by publication upon Defendant Joe Stephens pursuant to Federal Rule of Civil Procedure 4(e)(1) and O.C.G.A. § 9-11-4(f)(1)(A), and granting such other and further relief as the Court deems just and proper.

Dated: JULY 25, 2025

>*/s/ Mark Billion*
>Mark Billion (GA Bar No. 768687)
>BILLION LAW
>110 Traders Cross
>Bluffton, SC 29909
>Tel: 843.949.9069
>markbillion@billionlaw.com
>
>*Counsel for Plaintiff*

## **RULE 7.1 CERTIFICATION**

I hereby certify that the brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

*/s/ Mark M. Billion* (GA Bar No. 768687)